C15-0942 EMC

Dear Judge [EMC]

I wish to apologize for my inadvertence regarding a continuance request.

In essence, it has been my goal to draft a complaint which satisfy both the court and parties in controversy of fact allegations, sufficient enough, to put a reasonably prudent person on notice about what claims are being made, against whom, etc; allowing the defendant opportunity to formulate a defense if possible.

It should be noted, petitioner Austin will show, if permitted, undisputably Alameda Co Sheriff Deputies, "McBride", was on duty at RCO Courthouse, Dept 11 of Judge Delucchi, on March 12, 2014.

That, "McBride" did remove plaintiff Austin from Dept 11, via use of force.

That, once removed, "McBride" continued use of force, accompanied by another on duty deputy at Dept 11. on upper floor.

THAT, AFTER HAVING HAND-CUFFED PLAINTIFF AUSTIN, ADDITIONAL ACSD PERPETUATED USE OF FORCE [PRIOR] TO TAKING PLAINTIFF AUSTIN TO DEPT. 5.

THAT, [PRIOR] TO USE OF FORCE PLAINTIFF AUSTIN WAS WALKING UNASSISTED AT DEPT 11, BUT UPON [ARRIVAL] AT DEPT 5 of JUDGE HING, PLAINTIFF AUSTIN WAS DELIVERED IN A [WHEELCHAIR].

THAT, UPON JUDGE HING'S PERSONAL OBSERVATION OF PLAINTIFF AUSTIN, J. HING ELECTED NOT TO PROCEED TO JURY SELECTION/TRIAL, BUT INSTEAD, ISSUED HIS FIRST MARCH 12, 2014 40/15 CT. ORDER, WHICH CONTAINED A RETURN BACK TO COURT ON [MARCH 13, 2014] "FORTHWITH" INSTRUCTION.

THAT, NOT ONLY DID DEFENDANT(S) FAIL TO TAKE PLAINTIFF AUSTIN BEFORE A MEDICAL DOCTOR "FORTHWITH" ON MARCH 12, 2014, BUT FORCED PLAINTIFF AUSTIN TO GET OUT OF THE SAME WHEELCHAIR THEY GAVE HIM.

THAT, DEFENDANT(S) FORCED PLAINTIFF TO CRAWL LIKE AN ANIMAL, AND FORCED PLAINTIFF TO REMAIN AT ITR SECTION OF SRJ, WHILE ALL OTHER COURT RETURNING INMATES WERE RETURNED TO THEIR VARIOUS HOUSING UNITS, IN ACT OF CRUELTY/PUNISHMENT

IF PERMITTED, PLAINTIFF AUSTIN WILL SHOW NOT ONLY DID DEFENDANTS DISREGARD TAKING PLAINTIFF AUSTIN TO BE ASSESSED BY MEDICAL DOCTOR FOR HIS POTENTIAL INJURIES, AFTER USE OF FORCE, BUT WERE CALLOUS TO POINT OF DELIBERATE INDIFFERENCE TO PLAINTIFF AUSTIN(S) [UNASSESSED PAIN] AFTER USE OF FORCE AND ENGAGED AN APPARENT JOINT COLLABORATIVE EFFORT BY DELIBERATE SUCCESSION OF ACTS TAKING PLACE FROM MARCH 12, 2014 - MARCH 13, - MARCH 17, MARCH 19, - MARCH 20, ETC. WHICH WAS, [A CRUCIAL STAGE] FOR AN INCARCERATED, IN PROPER LITIGANT for ADEQUATE CARE SINCE IT WAS THE TIME OF HIS [JURY TRIAL].

THAT, FROM MARCH 12, 2014 UNTIL RELEASE FROM CUSTODY IN SEPT of 2014, NOT ONE MEDICAL DOCTOR EMPLOYED TO SERVICE INMATES AT SRJ HAD EVER COMMUNICATED TO PLAINTIFF AUSTIN ANY FACTS OF HIS MEDICAL CONDITION, SO THAT PLAINTIFF MAY HAVE BEEN AWARE OF [WHAT INJURIES] AND [WHAT POTENTIAL CAUSE(S) FOLLOWED] [MARCH 12, 2014 USE OF FORCE].

THAT, DAMAGES / AND/OR / INJURIES PLAINTIFF AUSTIN SUFFERED FOLLOWING SECOND EXCESSIVE FORCE ENCOUNTER WITH DEFENDANT(S), WAS DIRECT RESULT OF A POLICY / PATTERN OF CONDUCT SO OFTEN REPEATED WHICH IS CALLOUS TO POINT OF DELIBERATE INDIFFERENCE TO ADEQUATE MEDICAL ATTENTION TO

PRETRIAL DETAINEES, AND OTHER INMATES IN LIKE SITUATIONS, TO [SERIOUS] MEDICAL NEEDS, INCLUDING, [ADEQUATE PAIN ASSESSMENTS] FOLLOWING OFFICER USE OF FORCE.

THAT, A SERIOUS MEDICAL NEED IS LEGALLY DEFINED AS ONE WHICH, IF LEFT UNTREATED, COULD RESULT IN DEATH, OR, IN "WANTON INFLICTION OF PROLONGED/UNNECESSARY PAIN."

THAT, FOLLOWING SECOND EXCESSIVE FORCE, ON MARCH 12, 2014 — UNTIL RELEASE FROM CUSTODY, SEPT. 2014, DEFENDANT(S) AT NO TIME RENDERED PLAINTIFF AUSTIN ADEQUATE MEDICAL BUT LEFT UNTREATED THE PAIN PLAINTIFF AUSTIN COMPLAINED OF, AND WHICH JUDGE HING ISSUED [TWO] 4/1/15 CT ORDERS FOR, WHICH DID RESULT IN WANTON/PROLONGED/UNNECESSARY INFLICTION OF PAIN.

THAT, THIS FAILURE WAS NOT THE RESULT OF ANY SIMPLE INDIVIDUAL ACT OF NEGLIGENCE BUT WAS THE RESULT OF [SYSTEMATIC INDIFFERENCE] TO SERIOUS MEDICAL NEEDS OF PRETRIAL DETAINEES AND OF A DELIBERATE PATTERN OF CONDUCT THAT IS, OF A CUSTOM/POLICY. KNOWN AT SRJ, BECAUSE [INTERNAL AFFAIRS] WAS PUT ON WRITTEN NOTICE BUT DID NOTHING TO STOP THE REPEATED UNLAWFUL CONDUCT.

UNFORTUNATELY, TO DATE,
THERE'S BEEN NO CHANGE IN PETITIONER'S CIRCUMSTANCES.
PETITIONER'S RECENT BREAKTHROUGH SEIZURE EPISODES,
INTERMITTENT DIZZY SPELLS, PAIN/LABORED MOBILITY, ETC;
CONTINUES TO INTERFERE WITH AND PERHAPS SLOW PROGRESS,
NECESSITATING ON-GOING FOLLOW-UP HEALTH CARE/TREATMENT.
TO DATE, PETITIONER REMAINS ILL-PREPARED TO MEANINGFULLY LITIGATE;
PAIN/SWELLING AT OR NEAR PETITIONER'S LEG/ANKLE, INTER ALIA,
NECESSITATE, INTER ALIA, PHYSICAL THERAPY
AS MEDICALLY PRESCRIBED.

ON 7/7/15, ATTORNEY (AMY) AND I SPOKE BY TELEPHONE,
IT APPEARS DEFENDANT(S) MAY BE WILLING
TO POSTPONE JULY'S CMC SET BY THE COURT.

DUE TO UNCERTAINTY,
PETITIONER IS YET ATTEMPTING TO ARRANGE
WITH ATTORNEY (AMY) SOME SORT OF AGREEMENT
REGARDING CMC, ETC.

HOWEVER, IN GOOD-FAITH TO AVOID TARDINESS,
PETITIONER IS EXPEDITING HIS PORTION OF
C.M.C STATEMENT, ALTHOUGH IT MAY NOT
AS YET BE, FULLY-WORKED OUT.
(SEE ATTACHED TO LATER BE SUBMITTED)
ATTORNEY (AMY) ASKED FOR BUT DID NOT RECEIVE MY PERMISSION
TO INCLUDE MY NAME ON A DOCUMENT I'VE NOT SEEN.

With this said, over the week-end, June 21, 2015, Petitioner Austin received the Court's ruling on Defendant's Motion to Dismiss.

At the present, Petitioner's homelessness, health care current restrictions, and necessary follow-up health care scheduled appointments, taken together with notice of the Court's [40 day] ruling on Amended Complaint prompt Petitioner to implore the Court to consider revisiting prior request for appointment of counsel.

And, if necessary, consider permitting a continuance until such time as Petitioner's health condition and restrictions allow him to proceed safely in proper; as well as, which might allow the parties to attempt to settle, if possible.

At the Court's direction, Petitioner will attempt obtaining a willing attorney in the matter. Petitioner will keep Court apprised of outcome in terms of submitting an Amended Complaint sufficiently comprehensive; upon Petitioner's HEALTH improvement.

Lastly, Petitioner says God Bless Justice EMC as he demonstrates a firm but fair judge at bench, worthy of acknowledging.

7/09/15                                     Sincerely, J. Austin

Dear Counsel,

After having notice of outcome of Defendant's motion to dismiss, I write in good-faith, inquiring whether settlement of any sort is foreseeable. If so, please respond ASAP in writing so that we might apprise the court.

Also, it appears the Court advises Petitioner Austin seek assistance of counsel.

In this regard, to date, Petitioner's homelessness, health care restrictions, lack of funds, etc militate heavily against his own capabilities, particularly given the scheduled 7/30/15 CMC.

Perhaps the time, effort, and potential costs could be avoided for both party(s). At any rate, it does not appear that July 2015 will be good in light of Petitioner's pending follow-up appointments / health care restrictions. Write me as to a proposed future date. I look forward to hearing from you.

7/09/15                                         Sincerely, J. Austin

IT IS SO ORDERED that Plaintiff shall have until 9/10/15 to file an amended complaint. CMC is reset from 7/30/15 to 10/1/15 at 9:30 a.m. A joint cmc statement shall be filed by 9/24/15
Dated: 7/20/15