UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL AUSTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>THE COUNTY OF ALAMEDA, et al.,<br><br>          Defendants. | Case No.  15-cv-00942-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND DENYING MOTION FOR MORE DEFINITE STATEMENT**<br><br>Docket No. 36 |

Previously, the Court granted in part and denied in part Defendants' motion to dismiss and granted Defendants' motion for a more definite statement. *See generally* Docket No. 21 (order). More specifically, the Court held that, as to the Individual Defendants, Plaintiff had adequately pleaded claims for relief, whether under federal or state law, for excessive force and deliberate indifference to medical needs. The Court, however, held that such claims were not adequately pled against the County under federal law (*i.e.*, 42 U.S.C. § 1983), although they were adequately pled under state law. The Court gave Plaintiff leave to amend to address the deficiency in the federal claim against the County. The Court also allowed an amendment to address the need for a more definite statement – *e.g.*, because it was not clear whether Plaintiff intended to bring a race discrimination claim. *See* Docket No. 21 (Order at 15).

Subsequently, Plaintiff filed a "Short Statement" along with a first amended complaint ("FAC"). *See* Docket Nos. 34-35 ("Short Statement" and FAC). Defendants have now filed a motion to dismiss the FAC and a motion for a more definite statement. Having considered the papers submitted, including Plaintiff's filing of September 21, 2015, which the Court deems an opposition to the motion to dismiss, *see* Docket No. 40 (Plaintiff's filing), the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss and further **DENIES** the motion for

1  a more definite statement. The hearing on the motion to dismiss and/or for a more definite
2  statement is hereby **VACATED**.[1]

### I. DISCUSSION

A.  Claims for Excessive Force and Deliberate Indifference to Medical Need.

    1.  Eighth Amendment Theory

To a large extent, Defendants' motion to dismiss is an attempt to clean up Plaintiff's pleading. For example, Defendants do not dispute that Plaintiff has adequately pled – against the Individual Defendants at least – a claim for excessive force or a claim for deliberate indifference to medical need (as the Court previously concluded). They simply assert that such claims are viable under the Fourteenth Amendment and not the Eighth Amendment. This is consistent with the Court's prior order, *see* Docket No. 21 (Order at 7, 9), and therefore, to the extent Defendants' seek dismissal of the § 1983 claim *based on the Eighth Amendment alone* (and not the Fourteenth Amendment), the motion to dismiss is granted. The § 1983 claim based on the Eighth Amendment alone is dismissed as to all Defendants (*i.e.*, not only the Individual Defendants but also the County) and with prejudice.

    2.  County Liability

As to the Fourteenth Amendment-based claims for excessive force and deliberate indifference to medical need, Defendants argue that the County cannot be held liable because Plaintiff has failed to plead municipal liability.

"[T]here is no respondeat superior liability under § 1983." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). "'[I]t is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.'" *Waggy v. Spokane County Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). "Under an 'inaction' policy claim, 'a plaintiff can allege that through its omissions the municipality is responsible for a constitutional violation committed by one of its employees.' In *Canton*, the Supreme Court held that a

---

[1] Because the Court is vacating the hearing and ruling on the papers, Plaintiff's request for a continuance of the hearing because of medical problems is moot. Plaintiff's request was made in a letter received by the Court on November 12, 2015.

1  municipality's failure to train its employees is one such claim of omission or inaction by the
2  municipality." *Id.*

3  The Court agrees that Plaintiff has failed to make sufficient allegations in his FAC to give
4  rise to a plausible claim of municipal liability. Plaintiff has, in essence, claimed that, because
5  there have been widespread complaints by inmates about constitutional violations, the County had
6  a custom or policy and/or failed to train. *See, e.g.*, FAC at 2. But there are many different kinds
7  of constitutional violations. Absent, *e.g.*, allegations that there were complaints about excessive
8  force and/or deliberate indifference to medical need similar to the circumstances at issue here or
9  by the same individuals, one cannot reasonably infer a custom or policy or failure to train.
10  *Compare, e.g.*, *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015) (stating that
11  "a jury might have been able to reasonably infer from prior complaints that the Long Beach Police
12  Department was aware that [the defendant] had previously used excessive force when making
13  arrests, but had taken no steps to curb his propensity").

14  Accordingly, the Court dismisses the claims for excessive force and/or deliberate
15  indifference to medical need, as asserted against the County. The dismissal is without prejudice.
16  If, as this case proceeds, Plaintiff uncovers a basis for municipality liability, then he may move to
17  amend to reintroduce these claims against the County.

18  B.    Claim for First Amendment Retaliation

19  In his FAC, Plaintiff makes passing references to the First Amendment – *e.g.*, in the
20  caption of the pleading and in his excessive force claim. It is not clear whether Plaintiff intended
21  to implicate the First Amendment in his claim for deliberate indifference to medical need as well.
22  The Court shall assume such, particularly given Plaintiff's pro se status. Defendants have moved
23  to dismiss any § 1983 claim based on the First Amendment.

24  To the extent Plaintiff asserts First Amendment retaliation based on the allegation of
25  excessive force, the Court agrees with Defendants that dismissal is appropriate. There are no
26  allegations in the FAC to suggest that Plaintiff was subjected to force of any kind because he had
27  engaged in activity protected by the First Amendment. *See generally Rhodes v. Robinson*, 408
28  F.3d 559, 567-68 (9th Cir. 2005) (stating that, "[w]ithin the prison context, a viable claim of First

3

Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal"). Dismissal is with prejudice.

However, the Court concludes that there is a viable First Amendment retaliation claim based on the allegation that the Individual Defendant Mr. Nagy was deliberately indifferent to Plaintiff's medical need. Most notably, the FAC contains allegations that, at or about the time Mr. Nagy exhibited deliberate indifference to Plaintiff's medical need (indeed, even going so far as to slam him against a cell door), Mr. Nagy told Plaintiff that he "'remembers all the trouble' Plaintiff 'caused' . . . in his 34/33 housing units, writing grievances." FAC at 14. Thus, it is a reasonable inference that Mr. Nagy took action against Plaintiff, or failed to take action to assist Plaintiff, because Plaintiff had previously filed inmate grievances. The act of filing inmate grievances is conduct protected by the First Amendment. *See Rhodes*, 380 F.3d at 1130 (stating that "[o]f fundamental import to prisoners are their First Amendment 'rights to file prison grievances' and to 'pursue civil rights litigation in the courts'" as, "[w]ithout those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices").

The Court notes, however, that, at this juncture in the proceedings, a First Amendment retaliation claim is viable against Mr. Nagy only and not the County. The FAC contains insufficient allegations to establish municipal liability with respect to First Amendment retaliation.

C.    Claim for Equal Protection Violation

Finally, Defendants move to dismiss any § 1983 claim based on an equal protection violation. The Court finds dismissal proper.

First, there are no allegations to make plausible the claim that excessive force was used against Plaintiff because of his race.

Second, while there are allegations that Plaintiff's medical need was ignored because of his race, *see* FAC at 10 (alleging that a white detainee received more favorable treatment), those allegations have not been made against either Individual Defendant – *i.e.*, a person other than the Individual Defendants is alleged to have treated a white detainee more favorably. To the extent

4

Plaintiff seeks to hold the County liable for that differential treatment, there are insufficient allegations to support a theory of municipal liability.

The Court notes, however, that it is addressing here only a § 1983 claim based on an equal protection violation.

D.   More Definite Statement

To the extent Defendants have moved for a more definite statement as alternative relief, *see* Mot. at 11, it is denied as moot. To the extent Defendants have moved for a more definite statement where its motion to dismiss has been denied, the former motion is denied on the merits. Plaintiff has pled sufficient facts with respect to the First Amendment retaliation claim against Mr. Nagy.

E.   Appointment of Counsel

Plaintiff has renewed his request for appointment of counsel. That request is denied without prejudice.

**The case management conference set for November 20, 2015, shall be continued to January 21, 2016, at 9:30 a.m.**

This order disposes of Docket No. 36.

**IT IS SO ORDERED**.

Dated: November 16, 2015

_____
EDWARD M. CHEN
United States District Judge